IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JOSHUA WILLIAMS,<br>No. M13271, | )<br>)<br>) | |
| Plaintiff, | )<br>) | |
| vs. | )<br>) | CIVIL NO. 13-cv-00509-JPG |
| JUDGE OBISS,<br>ILLINOIS PROSECUTING<br>    ATTORNEY'S OFFICE,<br>RONALD S. KALES,<br>COOK COUNTY POLICE DEPT.,<br>COOK COUNTY,<br>COOK COUNTY COURT,<br>CHICAGO, ILLINOIS,<br>VIENNA, ILLINOIS,<br>JOHNSON COUNTY,<br>VIENNA CORRECTIONAL CENTER,<br>COOK COUNTY JAIL,  and<br>STATE OF ILLINOIS, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff Joshua Williams was convicted in 2012 in Cook County, Illinois, of being a felon in possession of a firearm.  He is currently incarcerated at Vienna Correctional Center ("Vienna").  Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680 (Doc. 1).  Although the compliant is muddled, it is clear that Plaintiff is alleging that: (1) his criminal prosecution in Cook County, Illinois, violated his Fourteenth Amendment right to due process of law; and (2) the conditions of confinement at Vienna—specifically the presence of asbestos in the ceiling,

1

bugs and mold—constitute cruel and unusual punishment in violation of the Eighth Amendment. Plaintiff also makes the following blanket assertion:

> [T]itle 6 civil acts—these discrimination retaliations upon me, because I'm black Criminal Malfeasance with harmful Intent, Tort claims Contributory negligent, Gross Negligence, Intervention in action, Punitive Damages, Verosity-perpensity, Imminent Danger [.]

(Doc. 1, p. 5). Plaintiff seeks monetary damages, for his conviction to be vacated, and his immediate release from prison.

Pursuant to 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. The Court's review reveals that the complaint does not satisfy minimum pleading requirements. It is also clear that severance of claims into separate cases is appropriate in accordance with *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The transfer of one or more claims pursuant to 28 U.S.C. § 1391(b), § 1404(a) also appears warranted. Furthermore, it appears that not all of the claims can be brought under 42 U.S.C. § 1983, and none of the claims can be brought under the FTCA. In the end, the Court finds that dismissal of the complaint, without prejudice is appropriate, thereby leaving Plaintiff to control his destiny and what filing fees are incurred.

**The Adequacy of the Complaint**

Preliminary review of the complaint is dictated under 28 U.S.C. § 1915A, which states:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

2

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Federal Rule of Civil Procedure 8(a)(2) requires only a short, plain statement of each claim—so-called "notice pleading," as opposed to "fact pleading." However, an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a *pro se* complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

As already indicated, the complaint consists of quite a few legal buzzwords, but little else. Even taking Plaintiff's *pro se* status into consideration, the Court cannot do better than to recognize that Plaintiff is taking issue with: (1) his state criminal prosecution and conviction; and (2) asbestos, bugs and mold in the ceiling at Vienna. Plaintiff does not associate his claims with particular defendants, except relative to Judge Obiss. Judge Obiss allegedly was "unfair," "Bad Biased," and committed "judicial misconduct by allowing the prosecutor to use Plaintiff's juvenile record." From that assertion, it can reasonably be inferred that the prosecutor

maliciously prosecuted Plaintiff, and defense counsel, Ronald S. Kales, provided inadequate representation. There lies the problem with the complaint: the Court and the defendants are not supposed to merely guess at the claims.

The general assertions and legal buzzwords, without the barest of details, do not move the claim from possibility to plausibility. Therefore, the *Twombly* standard clearly has not been met. *See also* Fed.R.Civ.P. 8(a). Furthermore, unintelligibility and organization justify rejecting the complaint. *Stanard v. Nygren*, 658 F.3d 792, 797-98 (7th Cir. 2011).

For the reasons stated, summary dismissal is warranted, without prejudice to Plaintiff filing an amended complaint. At the risk of offering an advisory opinion, Plaintiff should keep the following in mind when drafting any amended complaint.

**State Court and Administrative Remedies**

A plaintiff seeking damages under 42 U.S.C. § 1983 for constitutional violations committed within the context of his criminal trial must first have the improper conviction and sentence invalidated. *See Heck v. Humphrey*, 512 U.S. 477, 487-88 (1994). If the nature of the procedural challenge would necessarily imply the invalidity of the deprivation, then the claim is not cognizable under § 1983. *See Edwards v. Balisok,* 520 U.S. 641, 645 (1997). "[H]abeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983." *Heck,* 512 U.S. at 481. Although a plaintiff may challenge his continued confinement in a habeas corpus action pursuant to 28 U.S.C. § 2254, he must first present all of his claims to the Illinois courts.

Similarly, the Prison Litigation Reform Act provides:

> No action shall be brought with respect to prison conditions under Section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a). Exhaustion of available administrative remedies is a precondition to suit. *Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004). *See also Perez v. Wis. Dept. of Corr.,* 182 F.3d 532, 534–535 (7th Cir. 1999) (stating that § 1997e(a) of the PLRA "makes exhaustion a precondition to bringing suit" under § 1983). Failure to exhaust administrative remedies is an affirmative defense; defendants bear the burden of proving a failure to exhaust. *See Jones v. Bock,* 549 U.S. 199, 216 (2007); *Dole v. Chandler,* 483 F.3d 804, 809 (7th Cir. 2006). The Supreme Court has interpreted the PLRA to require "proper exhaustion" prior to filing suit. *See Woodford v. Ngo,* 548 U.S. 81, 84 (2006). This means "using all steps that the agency holds out, and doing so properly (so that the agency addresses the issues on the merits)." *Id.* at 90, (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024 (7th Cir. 2002)). In finding that the PLRA requires proper exhaustion, the Supreme Court agreed with the Seventh Circuit's interpretation of the statute as stated in *Pozo,* which required an inmate to "file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo,* 286 F.3d at 1025.

**FTCA**

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671-2680, provides jurisdiction for suits against the United States regarding torts committed by federal officials, not state officials.

**Severance of Causes of Action**

In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Seventh Circuit emphasized that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners

5

pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)). The Seventh Circuit emphasized in *George* that unrelated claims against different defendants belong in separate lawsuits, "not only to prevent the sort of morass" produced by multi-claim, multi-defendant suits "but also to ensure that prisoners pay the required filing fees" under the Prison Litigation Reform Act. *George*, 507 F.3d at 607, (citing 28 U.S.C. § 1915(b), (g)).

Normally, the Court would delineate which claim(s) against which defendant(s) constitutes each severed case; however, that is not possible because the complaint fails to satisfy the minimal pleading standards. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). There are no readily apparent impending statute of limitations deadlines, so dismissal of these severed claims from this action should not prejudice Plaintiff. However, he should be mindful of such deadlines when deciding whether to file new actions.

**Monetary Damages**

The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989). The Eleventh Amendment bars suits against states in federal court for money damages. *See Wynn v. Southward,* 251 F.3d 588, 592 (7th Cir. 2001).

**Venue Considerations**

Any civil action may be brought "in (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in

which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

Cook County is located within the eastern division of the judicial district for the Northern District of Illinois. *See* 28 U.S.C. § 93(a)(1). Vienna Correctional Center is located within the Southern District of Illinois. *See* 28 U.S.C. § 93(c).

**Pending Motions**

Plaintiff's motion for leave to proceed as a pauper (Doc. 2) will be addressed by separate order. However, it is important to note that the obligation to pay the filing fee for this action was incurred at the time the action was filed and remains due regardless of whether Plaintiff files an amended complaint. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

**DISPOSITION**

**IT IS HEREBY ORDERED** that, for the reasons stated, Plaintiff Joshua Williams' complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim, and with leave to amend.

**IT IS FURTHER ORDERED** that on or before July 29, 2013, Plaintiff shall file an amended complaint. Failure to file an amended complaint by the prescribed deadline will result in dismissal of this case with prejudice, pursuant to Federal Rule of Civil Procedure 41(b). Any amended complaint shall be subject to preliminary review under 28 U.S.C. § 1915A; failure to state a colorable claim may result in the dismissal of this action. *See Agnew v. NCAA*, 683 F.3d 328, 347 (7th Cir. 2012) (leave to amend need not be granted when a party has had multiple opportunities to amend but failed to cure a defective claim).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court informed of any change in his address.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: June 27, 2013**

<u>s/ J. PHIL GILBERT</u>
**United States District Judge**
